# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 16, 2013 Session

## STATE OF TENNESSEE v. ALINA DONEGAN

**Appeal from the Circuit Court for Dickson County**
**Nos. 2011-CR-228B, 2011-CR-336     George C. Sexton, Judge**

---

**No. M2012-01972-CCA-R3-CD - Filed August 15, 2013**

---

The Defendant, Alina Donegan, appeals as of right from the Dickson County Circuit Court's order revoking her probation and requiring her to serve the remainder of her sentence in confinement. In September 2011, the Defendant pled guilty to one count of conspiracy to manufacture methamphetamine, a Class C felony; one count of possession of less than .5 grams of methamphetamine, a Class C felony; and one count of promotion of methamphetamine manufacture, a Class D felony. See Tenn. Code Ann. §§ 39-12-103, -17-417, -17-433. The trial court imposed an effective six-year sentence and suspended the sentence to probation upon the Defendant's "successful entrance into and completion of the drug court" program. In this appeal as of right, the Defendant contends that the trial court violated her right to due process by not allowing her to present witnesses at the revocation hearing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Lee W. McDougal, Hendersonville, Tennessee, for the appellant, Alina Donegan.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Dan M. Alsobrooks, District Attorney General; and Sarah Whitney Wojnarowski, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 18, 2011, a probation violation warrant was filed for the Defendant. The warrant alleged that the Defendant had broken "house arrest and later left the Sober Living Residence [without] permission." The warrant also stated that the Defendant had

entered the drug court program on November 3, and was terminated from the program on November 17, 2011.

The Defendant's revocation hearing began with defense counsel making the following statement:

> Judge, [the Defendant] doesn't dispute the violation but would ask to be heard on sentencing.
>
> She does admit that she violated. She has a six-month treatment program that she's arranged to attend at her own expense. I'm prepared to have testimony from the director of that program, as well as her mother, about those arrangements if necessary. We are asking that she be allowed to go - - to be furloughed to attend that treatment and then reset this hearing for punishment once we can present some proof on how she's done in that program.

After hearing from the State on this issue, the trial court made the following statement: "[S]he's already had her chance, she flunked out of drug court, that's the court of last resort, she needs to serve her sentence. She'll get credit for any time she's served." The hearing ended with defense counsel again asking the trial court to agree to a furlough and the trial court declining. The trial court entered a written order revoking the Defendant's probation and requiring the remainder of her sentence to be served in confinement. The order also stated that the Defendant had waived her right to a revocation hearing and admitted to the violation. However, the Defendant did not sign the waiver portion of the order. The Defendant now appeals.

The Defendant contends that the trial court violated her right to due process by not allowing her to present witnesses at the revocation hearing. The Defendant argues that the trial court erred by not allowing her to present evidence to "mitigate the violation and avoid imposition of the original term of incarceration." The State responds that the trial court properly revoked the Defendant's probation and ordered her to serve her sentence in confinement. The State argues that there is nothing in the record to suggest that the Defendant was prepared to present evidence to "mitigate the violation" and that the trial court "was under no obligation to bifurcate the hearing and continue the case until after the Defendant received treatment."

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of her release. Tenn. Code Ann. § 40-35-311(e). Upon finding by a preponderance of the evidence that a defendant has

violated the conditions of her release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence" and either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Id. The trial court may also "extend the defendant's period of probation supervision for any period not in excess of two [] years." Tenn. Code Ann. § 40-35-308(c).

The defendant at a revocation proceeding is not entitled to all of the rights associated with a criminal trial, but is entitled to some quantum of due process. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). As part of this due process, the defendant is entitled to the right of confrontation and cross-examination, as well as the right to introduce evidence. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973); Wade, 863 S.W.2d at 408; see also Tenn. Code Ann. § 40-35-311(b) (stating that at a probation hearing the defendant "has the right to introduce testimony in [her] behalf"). The right to introduce evidence also encompasses the right of a defendant to show, if she violated the conditions of her probation, "that circumstances in mitigation suggest the violation warrants action other than revocation." State v. Steven F. Smith, No. E2009-02354-CCA-R3-CD, 2011 WL 2519777, at *4 (Tenn. Crim. App. June 23, 2011) (quoting State v. Johnson, 514 P.2d 1073, 7076 (Wash. Ct. App. 1973)).

Here, defense counsel began the revocation hearing by stating that the Defendant admitted that she violated the conditions of her probation. The Defendant was granted probation subject to the condition that she enter and complete the drug court program. The Defendant left the drug court program after only fourteen days. Defense counsel requested a continuance so that the Defendant could enter "a six-month treatment program" and offered to present testimony from two witnesses "about those arrangements if necessary." Defense counsel proposed to reschedule the hearing to a later time so the Defendant could present evidence about how she performed in this treatment program.

In essence, the Defendant wanted the trial court to grant her a continuance and hoped that if she successfully completed a treatment program in the future, it would mitigate her failure to comply with the drug court program. The trial court was not obligated to grant the Defendant such a continuance. The Defendant admitted the violation, and there is no evidence in the record that she sought to present evidence that the violation was mitigated by any other circumstances. The trial court did not violate the Defendant's right to due process because she did not seek to present any evidence regarding her violation or any possible mitigating circumstances at the revocation hearing. Accordingly, we affirm the judgments of the trial court.

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE